TEXAS CENTRAL RAILROAD COMPANY ET AL. v. J. F. & S. A. MARRS.

Application No. 5424.    Decided April 24, 1907.

1.—Statutory Construction—Unconstitutionality.

When an Act of the Legislature admits of two constructions, one of which makes it valid and the other makes it invalid, the former should prevail. (P. 531.)

2.—Same—Carriers—Connecting Lines—Service of Process.

The provisions in sections 2 and 3 of the Act of March 13, 1905, with reference to service of citation on agents of carriers, though relating generally, by their language, to foreign corporations, are to be held applicable only to cases of carriers undertaking through transportation over two or more lines, such as are mentioned in section 1 of such Act, and relate to a subject embraced in the caption thereof. (Pp. 531, 532.)

Application for writ of error to the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

*Martin & George,* for plaintiffs in error.—The Act of March 13, 1905, is unconstitutional, because embracing more than one subject and a subject not expressed in its title. Galveston, H. & S. A. Ry. Co. v. Roemer, 1 Texas Civ. App., 191.

Gaines, Chief Justice.—We are of the opinion that the application for the writ of error in this case should be refused, and it is accordingly so ordered. But in refusing the writ we think it proper, in order to prevent misapprehension, to express our views upon the constitutionality of the statute which is assailed in the application. The Act of March 13, 1905, provides, in section 1, for a joint action for loss or damages against each of the railroad companies, where there has been a through carriage of passengers or freight over two or more lines. Sections 2 and 3 are as follows:

"Section 2. That service may be had on foreign corporations having agents in this State, in addition to the means now provided by law, by serving citation upon any train conductor who is engaged in handling trains for two or more railway corporations, whether said railroad corporations are foreign or domestic corporations, if said conductor handles trains over foreign or domestic corporations' track across the state line of Texas, and on the track of a domestic railway corporation within the State of Texas, or upon any agent who has an office in Texas, and who sells tickets or makes contracts for the transportation of passengers or property over any line of railway, or part thereof, or steamship or steamboat of any such foreign corporation or company.

"Section 3. For the purpose of obtaining service of citation on foreign railway corporations, conductors who are engaged in handling trains, and agents engaged in the sale of tickets or the making of contracts for the transportation of property, as described in section 2 of this Act, are hereby designated as agents of said foreign corporations or companies upon whom citation may be served." (Laws 1905, p. 29.)

The proposition is, that the sections quoted provide for service upon the corporations therein mentioned in all cases, and that this is a different subject from that contained in section 1, and that therefore the statute is invalid by reason of such legislation being prohibited by section 35 of article 3 of our Constitution. If sections 2 and 3 provide for service generally, then it is difficult to hold that that subject, and the subject expressed in the first section, are not different. But we need not pass upon that question, for, if an act of the Legislature admit of two constructions, one of which makes it valid, and the other makes it invalid, the former must prevail. It is not to be presumed that the Legislature intended to violate the fundamental law. Although sections 2 and 3 are couched in the very broadest terms, it is reasonable to presume that the Legislature, in speaking of the service, had in mind the service in the cases provided for in the previous part of the statute. The main provision—the main subject—is found in the first section, and the second and third are subsidiary thereto. The title to the Act in question is as follows: "An Act to amend section 1 of an Act approved May 20, 1899,

entitled 'An Act to prescribe the parties to, and venue of, suits against railroad corporations and assignees, trustees and receivers operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation,' so as to prescribe the parties to, and the venue of, suits against railroads, express or transportation companies, or common carriers of any kind, or the assignee, lessee, trustee or receiver of any such, operating or doing business in this State, or having an agent or representative in this State, where any damage, loss or other cause of action arises out of the transportation or contract in relation to the carriage of passengers or freight, baggage or other property, and providing for the apportionment of the damage recovered between the defendants, and providing additional means of obtaining service on nonresident corporations or companies having agents in this State." The original Act contains no provision as to service. So it is probably true that the provisions in the new Act were merely intended to provide for service in the cases to which the Act related. Therefore, if necessary to uphold the statute, we are of opinion that the more restricted construction should be applied.

There is no question as to service made in the case. The broad claim is that the Act is invalid because it contains more than one subject.