ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY V. CASSIDY SOUTHWESTERN COMMISSION COMPANY ET AL.

Decided January 11, 1908.

**1.—Appeal—Assignment of Error—Practice.**

An appellate court will not consider an assignment of error so defectively presented in appellant's brief that it cannot be passed on without an examination by the court of the stenographer's statement of the evidence.

**2.—Same—Admission of Evidence—Harmless Error.**

The admission of incompetent evidence becomes harmless error when competent evidence to the same effect is afterwards introduced, and especially when the issue to which the evidence relates is not submitted by the court to the jury.

**3.—Carrier—Loss of Cattle—Burden of Proof—Pleading.**

Where, in a suit for the value of cattle lost during transportation over the lines of several defendant carriers, one of the defendants affirmatively pleads that the loss was occasioned by the plaintiff or by the wrongful act of one of the preceding carriers in the route of transportation, it is not error for the court to refuse a charge placing the burden of proof as to the loss upon the plaintiff or the preceding carriers.

**4.—Conversion—Doctrine of Avoidable Consequences.**

In a suit for the value of cattle alleged to have been converted by a carrier during transportation, evidence considered, and held that the doctrine of avoidable consequences had no application and the court properly refused to charge the same.

**5.—Trial—Discretion of Court.**

It is within the discretion of the trial court to permit the introduction of evidence after the argument of a case has begun.

**6.—Carriers—Venue.**

The Act of March 13, 1905 (General Laws, page 29) concerning the venue of suits against common carriers in this State, held constitutional.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Leake & Henry,* for appellant.—A letter which is a report from a subordinate to a superior agent, and which contains statements of fact which are not and could not be within the knowledge of the agent writing the letter, but which were obtained on information from outside sources, and the letter being written to the superior merely to place him in possession of the facts of which the subordinate had been informed, should not be allowed in evidence against the principal. Mathis v. Pridham, 1 Texas Civ. App., 58; Heintz v. O'Donnell, 17 Texas Civ. App., 21.

The burden of proof to establish the alteration of a paper subsequent to its execution is upon the party claiming that the paper was so altered by the addition of any extraneous matter after it was executed, and the court, upon request, should so instruct the jury. Howell v. Hanrick, 88 Texas, 394; Wells v. Moore, 15 Texas, 521; Irvin v. Garner, 50 Texas, 48; Muckleroy v. Bethany, 27 Texas, 551.

The measure of damages in case of failure to deliver a shipment of live stock at destination over connecting lines of railroads is the market value of the live stock at ultimate destination at the time and in the condition it should have arrived there, less the cost of transportation, and where there was no evidence in the case establishing such market value except the pretended testimony of a witness who shows by his own testimony that he had no knowledge of the market value of cattle at such point of destination, a verdict awarding damages should not be permitted to stand. Pecos & N. T. Ry. Co. v. Hughes, 98 S. W., 410; Eastern Texas Ry. Co. v. Scurlock, 97 Texas, 305; Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 99 Texas, 343.

The court erred in overruling and refusing to sustain the plea of privilege of appellant herein, asserting its right to be sued in Dallas County, Texas, and not in Tarrant County, Texas. Cooper Manufacturing Co. v. Ferguson, 113 U. S., 727; Robbins v. Shelby County Taxing District, 120 U. S., 489; Crutcher v. Kentucky, 141 U. S., 47.

*Capps, Cantey, Hanger & Short,* for appellee.—Where there is a conversion of property, without any fault whatever on the part of the owner of the property, the one who so converts said property must take the consequences of his own act, and no duty rests upon the owner of the property to exercise any effort or diligence to relieve the other of the consequences of his wrongful act, particularly where there was no evidence that the cattle were tendered to plaintiff in as good condition as when appellant received them. Moore v. King, 4 Texas Civ. App., 397; Gulf, C. & S. F. Ry. Co. v. A. B. Frank Co., 48 S. W., 210; Moore on Carriers, page 185.

STEPHENS, Associate Justice.—This appeal is from a judgment against appellant and in favor of the appellee, Cassidy Southwestern Commission Company, for the value of two cars of cattle delivered by the commission company to the Missouri, Kansas & Texas Railway Company of Texas at Fort Worth, June 4, 1904, consigned to Thomas H. Davidson at New London, Ohio. Besides appellant and the company just named, the Missouri, Kansas & Texas Railway Company, the St. Louis Southwestern Railway Company of Texas and the Missouri Pacific Railway Company were sued. The theory of recovery presented in the petition and submitted in the charge was that of conversion of the cattle at East St. Louis, Illinois. This issue was thus submitted in the charge: "You will ascertain and determine from the evidence which of the defendants stamped or caused to be stamped upon the waybills introduced in evidence and covering the cattle in question the words 'southern cattle,' and return a verdict in favor of plaintiff against the particular defendant which stamped or caused said words to be stamped, for the market value of the cattle at New London, Ohio, at the time they should have arrived there in due course of transportation, with interest at six percent per annum

from time they should have arrived there, and will return a verdict in favor of all of the other defendants."

In response to this issue, which was distinctly tendered by the answer of appellant in which it was alleged that the words "southern cattle" had been stamped on the waybill before the cattle reached its line, the jury returned a verdict against it and in favor of the other carriers. The evidence undoubtedly warranted the verdict.

Error is first assigned to the charge because it did not exclude the cost of transportation from the measure of damages, but if such an issue was raised by the evidence or even by the pleadings, it is not suggested either in the assignment, the proposition, the statement or the argument submitted under the assignment. We do not, therefore, feel called upon to examine the stenographer's statement of nearly two hundred pages to ascertain whether or not appellant was entitled to have the cost of transportation deducted from the value of the cattle at New London, Ohio.

Error is next assigned to the admission in evidence of a letter from C. L. Flynt, appellant's freight claim agent, to J. S. Tustin, another of its freight claim agents at St. Louis, Missouri. This letter was in the nature of a report in the course of appellant's business on the shipment in question and was objected to insofar as it contained hearsay statements in relation to the handling of the two cars of cattle. However, as shown in the brief of appellee commission company, all that was important in this statement was testified to on the trial by the writer of the letter. Besides, the case was made to depend upon whether appellant had caused "southern cattle" to be stamped on the bill of lading, on account of which the government inspector refused to permit them to go forward out of East St. Louis, which led to their appropriation by appellant. The statement objected to in the letter tended to show an additional ground of liability in that appellant had fed the cattle at the Fort Smith crossing in southern pens, the origin and destination of the shipment being both above the quarantine line; but as seen from the charge quoted above, this ground of liability was not submitted; so that if there was error in the ruling complained of, it would not warrant a reversal of the judgment.

It is next assigned that the court erred in refusing special charges which would have placed the burden of proof on plaintiff below or on carriers preceding appellant in the route of transportation to show that the stamp "southern cattle" had been placed on the waybill after the cattle came into appellant's possession. But we are of opinion that the court did not err in refusing these charges. The allegation was affirmatively made by appellant that this stamp on the bill of lading had been made by another in excuse for its having appropriated the cattle instead of forwarding them to their destination.

The doctrine of avoidable consequences invoked in the fifth assignment of error was not available and the court properly refused the charge quoted in that assignment, which was as follows: "The jury is instructed that if they find and believe from the evidence that the Cassidy Southwestern Commission Company could have

taken charge of its cattle at East St. Louis, when they were stopped there by the government inspector, and the cattle were refused by the Cassidy Southwestern Commission Company, and by the exercise of reasonable diligence have saved itself from any considerable or material loss in the handling and sale of the cattle, then you are instructed that the plaintiff could not hold the defendants or either of them responsible for the full value of the cattle, but only recover such amount of damages as could not or would not have been avoided by plaintiff by pursuing the course stated above."

There was no error, as complained in the sixth assignment, in the assumption on the part of the court in the charge that the stamp "southern cattle" had been placed on the waybill by some one of the defendants. It had evidently not been placed there by the shipper and it therefore devolved on the carriers to account for it.

It was within the discretion of the court to permit proof after the argument of the case had begun as to market value at the place of destination, and consequently the seventh assignment is overruled.

The eighth, ninth and tenth assignments, questioning the sufficiency of the evidence as to the market value at New London, Ohio, are all overruled since the witness Crowley stated what the market value was at that place at the time the cattle should have been delivered, but whether he sufficiently qualified himself to give testimony on this point is a question not raised by these or any other assignments.

This brings us to the last assignment asking us to review the action of the District Court in overruling appellant's plea of privilege to be sued in Dallas County, but this is no longer an open question in Texas. Texas Cen. Ry. Co. v. Marr, 100 Texas, 530; St. Louis, Iron Mt. & So. Ry. Co. v. Moon, 19 Texas Civ. Rep., 10. The constitutionality of the law under which these decisions are made is raised by this assignment, but we are not inclined to even discuss that question, much less to sustain the contention. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.