J. R. DOSTER v. FORT WORTH & DENVER CITY RAILWAY COMPANY.

Decided February 1, 1908.

**Railroads—Personal Injuries—Venue—Statute Construed.**

A ticket agent of a railroad company who has in his possession and sells coupon tickets over his road and other roads is not the agent of the other roads within the meaning of the Act of the 27th Legislature (Gen. Laws 1901, page 31) authorizing suits for personal injuries to be brought in any county in which a railroad company has an agent.

Appeal from the District Court of Hunt County. Tried below before. the Hon. T. D. Montrose.

*B. Q. Evans,* for appellant.—If any person or corporation has in possession tickets which he or it is authorized to sell and is engaged in selling, which tickets when sold will authorize the purchaser to travel on or become a passenger on a railroad, no part of which extends into the county where such agent is so engaged, such person or corporation authorized and selling such tickets is agent and representative within the meaning of the statute, which provides that suits against any railroad company may be commenced in any county in which such corporation has an agent or representative. Southwestern Tel. & Tel. Co. v. Taylor, 26 Texas Civ. App., 79; Texas & P. Ry. Co. v. Mangum, 68 Texas, 342; Gulf, C. & S. F. Ry. Co. v. St. John, 13 Texas Civ. App., 257; Missouri P. Ry. Co. v. Martino, 2 Texas Civ. App., 634; Acts of the Legislature, 1905, pp. 31 and 29; 44 S. W. Rep., 702; 39 S. W. Rep., 124.

*John T. Craddock,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The suit was for damages arising from personal injuries to the appellant, the alleged injuries having occurred in Childress County, Texas, the appellant's residence at the time being alleged to be in Hunt County. It is claimed in the petition that appellant went to the depot at Childress intending to purchase a ticket over the appellee's road and the line of the Missouri, Kansas & Texas Railway Company from Childress to Greenville. Because of the condition of the depot .it is alleged that he took cold, became sick and thereupon abandoned his intention of purchasing a ticket through to Greenville and decided to purchase a ticket over the appellee's line alone from Childress to Fort Worth, at which place he determined' to stop off with relatives to be treated for his alleged injuries. He in fact stopped off at Fort Worth, where he remained several days.

The appellee filed a plea in abatement, the sufficiency of which is not questioned. The uncontradicted evidence showed, among other things, that the residence and domicile of the appellee was and is in Fort Worth, Tarrant County, where its general officers, together with a local agent, resided; that it did not run or operate any railway in or through Hunt County, and had no agent in the latter county; that the only service of citation had or attempted to be had upon the appellee was the service of a citation upon one P. A. Cox, who, the record shows, was the city ticket agent at Greenville, Texas, of the St. Louis Southwestern Railway Company of Texas, and that the principal office and domicile of the St. Louis Southwestern Railway Company of Texas was in Tyler, Smith County, Texas.

Error is assigned to the court's action in sustaining appellee's plea to the jurisdiction of the court and in dismissing the case for the reason that the evidence was not sufficient to support the allegations relied upon in the plea in abatement, and because the evidence

showed that the St. Louis Southwestern Railway Company of Texas and P. A. Cox were each the agent and representative of the defendant in Hunt County, engaged in the sale of tickets and making contracts for and on behalf of appellee in Hunt County, Texas, at the time of the commencement of this suit, and that each was served as the agent and representative of appellee in Hunt County, Texas. Under this assignment the proposition is presented that, if any person or corporation has in its possession tickets which he or it is authorized to sell and are engaged in selling, which tickets when sold will authorize the purchaser to travel on or become a passenger on a railroad, no part of which extends into the county where such agents are so engaged, such person or corporation authorized and selling such tickets are agents and representatives within the meaning of the statutes which provide that suits against any railroad company may be commenced in any county . . . in which such corporation has an agent or representative. In support of this proposition the appellant cites the case of Southwestern Telegraph & Telephone Company v. Taylor, 26 Texas Civ. App., 257. We are of the opinion that no such question was involved in that case as is here presented. In that case the Southwestern Telegraph & Telephone Company operated a long distance line from Henrietta to Wichita Falls, at which place it connected with the Carver & Wilson line, extending from Wichita Falls to Archer City. These two companies had a common agent at Wichita Falls, and the Southwestern Telegraph & Telephone Company was engaged in furnishing telephone communication between Henrietta over these lines and Archer City. The Southwestern Telephone Company was sued for an injury arising from the negligence of its agent at Wichita Falls in failing to respond to a call from Archer City made by the agent in the employ of the Carver & Wilson Company. It was held because of the relation and the course of business existing between the two telephone companies and because the defendant company undertook as a part of its business to conduct telephone communications between Henrietta and Archer City, that notice to the operator of the Carver & Wilson line at Archer City of the importance of a prompt telephone communication, was notice to the Southwestern Company. None of the cases cited in the brief of appellant decide the proposition presented in this case.

This action being for damages arising from personal injuries, its venue is fixed by chapter 27 of the Acts of the 27th Legislature (Gen. Laws of 1901, page 31). It is clear that the Act of the 29th Legislature, chapter 25 (Gen. Laws of 1905, pages 29, 30), can have no application, for section 1 of that Act relates only to cases in which passengers or freight have been transported over two or more connecting lines of railroad, and this action does not arise out of such transportation. The second and third sections of the Act of 1905 are limited in their application to cases arising under section 1 of the Act. Texas Cen. Ry. v. Marrs, 101 S. W. Rep., 1177. Section 1 of the Act of 1901, which fixes the venue in this case, reads as follows: "That all suits against railroad corporations, or

against any assignee, trustee or receiver operating any railway in the State of Texas, for damages arising from personal injuries, resulting in death or otherwise, shall be brought either in the county in which the injury occurred, or in the county in which the plaintiff resided at the time of the injury; provided, that if the defendant railroad corporation does not run or operate its railway in or through the county in which the plaintiff resided at the time of the injury, and has no agent in said county, then said suit shall be brought either in the county in which the injury occurred, or in the county nearest that in which the plaintiff resided at the time of the injury, in which the defendant corporation runs or operates its road, or has an agent; and provided, further, that in case that the plaintiff is a nonresident of the State of Texas, then such suit may be brought in any county in which the defendant corporation may run or operate its railroad or may have an agent; provided, that when an injury occurs within one-half mile from the boundary line dividing two counties suit may be brought in either of said counties."

The sole question on this appeal is, was the St. Louis Southwestern Railway Company or P. A. Cox an agent of appellee, within the meaning of this Act? Cox was the city ticket agent of the said St. Louis Southwestern Railway Company at Greenville, Hunt County, and as such agent had in his possession coupon tickets furnished by and belonging to said company, which he was authorized by said St. Louis Southwestern Railway Company to sell to an intending passenger over the line of the St. Louis Southwestern Railway Company to Fort Worth, Texas, and thence over the line of appellee. This method of selling tickets and exchanging business between these companies is the same as that applying between appellee and many other railway companies. This custom is for the convenience and accommodation of the patrons of railroads and the public. to avoid the annoyance of purchasing tickets and the rechecking of baggage at junction points. This custom is not peculiar to these two roads, but is applicable to many other railway companies. This is the only way the St. Louis Southwestern Railway Company, through its agent at Greenville, sells tickets good over the appellee's line. This method and custom among railway companies did not make the St. Louis Southwestern Railway Company and its city ticket agent at Greenville, Hunt County, the agent of the appellee within the meaning of section 1, of chapter 27, Acts of the 27th Legislature (Gen. Laws of 1901, p. 31). Texas & P. Ry. Co. v. Lynch, 97 Texas, 25; Gulf, C. & S. F. Ry. v. Rogers, 82 S. W. Rep., 822; Peterson v. Chicago, R. I. & P. Ry. Co., 205 U. S., 364.

There was no error in sustaining the plea to the jurisdiction and dismissing the case, and the judgment is affirmed.

*Affirmed.*