All assignments are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

We cited Springfield Bank v. Bank, 30 Mo. App. 271, for our holding that a statement that a check was good was not tantamount to a certification, and on this motion counsel for appellant insists that this is contrary to the weight of authority, citing 1 Daniel on Neg. Inst. § 1600a. That writer does say in the section cited that: "In the absence of any statutory provision on the subject, the mere verbal statement of the bank officer that the check is 'good' or a promise on the part of the bank to pay it will be sufficient to operate as certification and by way of estoppel, *provided such statement or promise be communicated to the holder and induce him to take the check.*" (Italics ours.) There is no contention in this case that appellant took the checks on the faith of appellee's statement that they were good. Its assistant cashier who transacted the business for it clearly shows by his testimony that he took the checks because of appellee's promise to pay them. The case is not one of estoppel at all.

However, under the facts of the case, it was unnecessary for us to make the holding complained of, since appellee's case does not rest alone on evidence that its vice president said the checks were "all right." The evidence further shows that appellant's assistant cashier twice asked if it would be paid, and the appellee's agent refused to promise payment. This circumstance alone would support the court's finding that appellee had not accepted or certified the checks.

Motion for rehearing overruled.

---

### BAUKNIGHT v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas. Jan. 19, 1911.)

1. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Error in the admission of evidence in a trial by the court is not ground for reversal, where there is sufficient competent evidence to support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

2. APPEAL AND ERROR (§ 931*) — REVIEW — PRESUMPTIONS—EVIDENCE CONSIDERED.

Where the trial was by the court, and there were no findings of fact given or requested, the appellate court will assume, there being sufficient legal evidence to support the judgment, that the court considered only competent evidence in reaching his conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3766; Dec. Dig. § 931.*]

Error from District Court, Upshur County; R. W. Simpson, Judge.

Action by W. A. Bauknight against the St. Louis Southwestern Railway Company of Texas. From a judgment for the defendant, plaintiff brings error. Affirmed.

Maberry & Maberry and Warren & Briggs, for plaintiff in error. E. B. Perkins and Marsh & McIlwaine, for defendant in error.

HODGES, J. This suit was instituted by the plaintiff in error against the defendant in error to recover damages occasioned by the destruction of a storehouse and a stock of goods situated in the town of Pritchett. It is alleged that the fire was caused by a spark emanating from one of the defendant in error's locomotives, and that it was due to the negligence in failing to have the locomotive properly equipped with an approved spark arrester and to the negligent manner in which the engine was operated upon that occasion. The testimony shows that the fire occurred between 12 and 1 o'clock on the morning of June 1, 1909, and that it originated in a building owned by McIntosh & Carlyle situated in close proximity to that of the plaintiff in error. The defendant in error owns a line of railway running through the town and within 60 feet of those buildings. The case was submitted to the court without a jury, and a judgment rendered in favor of the defendant.

The assignments of error all relate to the admission of testimony. The plaintiff relied upon circumstantial evidence alone for the purpose of showing that the fire was communicated by a railway locomotive. According to the testimony of his witnesses, a train passed that place a short time before the fire was discovered. They testified that when first observed by them the flames were on the roof of the McIntosh & Carlyle building, and appeared to be confined to that part. Testimony offered in behalf of the defendant in error tended to show that the fire originated within the McIntosh & Carlyle building, or beneath it. There was also testimony introduced by the defendant to the effect that engine No. 504 was the only one of its engines which passed along over this track at or near the time when the fire was dis-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

covered, and that it was the only engine from which the sparks could have emanated. There was evidence showing that the spark arrester with which this engine was equipped was in good condition and was up to the standard commonly used by railroads. There was also testimony to the effect that the engine upon that occasion was prudently and carefully operated. The pleadings necessarily made two issues, either of which under the evidence could have been determined in favor of the defendant in error: One was as to the origin of the fire; and the other as to negligence in the equipment and operation of the locomotive. We think the testimony was sufficient, without reference to that of which complaint is made, to support the conclusion of the court upon either of those issues. There were no conclusions of fact filed by the court, and none asked for. In that state of the record, we must assume, where there was sufficient legal evidence to support the judgment of the court, that he considered only such in reaching his conclusion. The rule is well settled that in trials before the court the judgment will not be reversed because of the admission of illegal testimony when there is sufficient legal evidence to sustain it. Railway Co. v. Marrs, 101 S. W. 1177; Edwards v. White, 120 S. W. 914, and cases cited.

The judgment of the district court is affirmed.