PATE v. WILSON BROS. MERCANTILE CO. (No. 5975.)*

(Court of Civil Appeals of Texas. Austin. Dec. 4, 1918. On Motion for Rehearing, Jan. 23, 1919.)

1. GAMING ⚖=14—"WAGER CONTRACT."

A contract for future delivery of an article where it is contemplated by the parties thereto that such articles should not be delivered, but that settlement might be made by paying the difference in the contract price at the time of such delivery and the price named in the contract, is a "wager contract."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Wager Contract.]

2. GAMING ⚖=14—DEALING IN FUTURES.

If it was intention of parties to contract to deliver cotton that no cotton should be delivered, but that contract should be complied with by payment of difference in market value of cotton at time and place of delivery and price named in contract, it was a wager contract, and not enforceable, either under or independent of Acts 30th Leg. c. 86.

3. GAMING ⚖=49(1)—DEALING IN FUTURES—BURDEN OF PROOF.

Under Acts 30th Leg. c. 86, the burden is on plaintiff, in an action for the breach of a contract to deliver cotton in the future, to prove that actual delivery was bona fide intended.

4. CONTRACTS ⚖=141(3)—LEGALITY—PROOFS OF ILLEGALITY.

That which would show in a criminal prosecution that a contract was in violation of the criminal law will also show in a civil action that such contract is illegal.

ON MOTION FOR REHEARING.

5. APPEAL AND ERROR ⚖=1177(4)—DISPOSAL OF CAUSE.

Where the lower court erred in overruling a demurrer on the ground that a contract sued on was illegal on its face under Acts 30th Leg. c. 86, relating to dealing in futures, a judgment for plaintiff will only be reversed and remanded, and a judgment will not be rendered for defendant, because plaintiff, if the demurrer had been sustained, might have amended his petition and alleged fraud, accident, or mistake.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Wilson Bros. Mercantile Company against J. M. Pate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Scott & Ross, of Waco, for appellant. Pat M. Neff, of Waco, for appellee.

JENKINS, J. This case was tried before the court without a jury upon the following agreed statement of facts:

"The plaintiff offered in evidence the following written contract:

"The State of Texas, County of McLennan.

"This contract made and entered into this May 12, 1916, by and between Wilson Brothers Mercantile Company, of Mart, Tex., party of the first part, and J. M. Pate, party of the second part, witnesseth:

"That J. M. Pate has this day sold to Wilson Bros. Mercantile Company ten bales of cotton at twelve cents per pound, basis middling, weight of bales to average 525 pounds (over or under weight settled for at market value at time of delivery), to be delivered to said Wilson Bros. Mercantile Company on or before November 1, 1916, delivery to be made at Riesel, Tex., all cotton to be delivered at one time.

"It is further agreed that, if grades different from middling be tendered, then the prevailing differences on and off middling shall govern. No cotton commonly known as "half and half" cotton shall be tenderable on this contract, and no cotton staple below one inch shall be acceptable.

"And it is agreed, if J. M. Pate should fail to carry out this contract, then he, J. M. Pate, shall be liable to Wilson Bros. Mercantile Company for such difference as exists between twelve cents basis middling cotton and the price of middling cotton above twelve cents on November 1, 1916, f. o. b. Riesel, Tex. And it is also agreed: If Wilson Bros. Mercantile Company should fail to carry out this contract, then they, Wilson Bros. Mercantile Company, shall be liable to J. M. Pate for such difference as exists between twelve cents basis middling cotton and the price of middling cotton below twelve cents on November 1, 1916, f. o. b. Riesel, Tex.

"Signed at Mart, Tex., May 12, 1916. [Signed] Wilson Bros. Mercantile Co., by Jno. Ed Punchard, per W. A. Frazell.

"I, ——, guarantee the fulfillment of the above contract on behalf of Wilson Bros. Mercantile Company.

"I, ——, guarantee the fulfillment of the above contract on behalf of ——, Mart, Tex., 1916.

"'——, Witness.'

"It was admitted by the defendant that he did not deliver to said Wilson Mercantile Company any cotton on November 1, 1916, or on any other date under said contract.

"It was further admitted that the price of middling cotton on November 1, 1916, at Riesel, Tex., was 18 cents per pound."

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed March 19, 1919.

The court rendered judgment for the appellee for the sum of $304.50. Appellant excepted to appellee's petition, which alleged the breach of the above contract, in that it showed: (a) That it was a contract in violation of the public policy of this state; (b) that it was a contract in violation of sections 1 and 2, art. 1013, McIlwaine's Penal Code of the State of Texas; (c) because the contract shows upon its face that it was a wager, in this, that it was a contract for future delivery of the articles sought to be sold, and provided that the settlement on the date given might be determined, not by delivery of the articles sought to be purchased, but by the difference between the price named in the contract and the market price of the product.

These exceptions were overruled, and the appellant assigns error upon the overruling of the same, and also upon the action of the court in rendering judgment upon the evidence.

[1] A contract for future delivery of an article, where it is contemplated by the parties thereto that such article should not be delivered, but that settlement might be made by paying the difference in the market price at the time of such delivery and the price named in the contract, is a wager contract. A wager contract was enforceable at common law, unless it was contrary to public policy, or immoral, or in any other wise tended to the detriment of the payee. Seeligson v. Lewis, 65 Tex. 219, 57 Am. Rep. 593, citing Monroe v. Smelly, 25 Tex. 586, 78 Am. Dec. 541; Floyd v. Patterson, 72 Tex. 205, 10 S. W. 526, 13 Am. St. Rep. 787.

[2] If it was the intention of the parties to the contract above set out that no cotton should be delivered, but that said contract should be complied with by payment of the difference in the market value of cotton at the time and place of such delivery and the price named in the contract, it was a wager contract, and not enforceable, without reference to the statute in this state with reference to dealing in futures. Burney v. Blanks, 136 S. W. 808–810.

[3] In the absence of our statute on this subject, we think it would have devolved upon the defendant in the court below to prove that actual delivery was not intended, but our statute changes the rule upon this subject.

Chapter 86, General Laws of the Thirtieth Legislature, p. 172, the purpose of which, among other things, was to define futures, dealing in futures, and future contracts, and prohibit the making of same, made it a criminal offense to make, or offer to make, any "future contract."

Section 6 of said act makes a contract for "futures," as defined in said act, an offense against the criminal law, and therefore void.

Section 2 of said act, in so far as it is applicable to the instant case, reads as follows:

"By each of the expressions 'futures,' 'dealing in futures,' and 'future contracts,' as these terms are used in this act, is meant: First, a sale or purchase, or contract to sell or any offer to sell or purchase any cotton * * * to be delivered in the future when it was not the bona fide intention of the party being prosecuted under this act, at the time that such sale, contract, purchase, or offer to sell or purchase, was made that the thing mentioned in such transaction should be delivered and paid for as specified in such transaction."

So far the statute does not alter the rule as to the burden of proof.

The second subdivision of said section defines "futures" as follows:

"Any such sale, purchase, offer, or contract where it was the intention of the party being prosecuted hereunder at the time of making such contract or offer that the same should, or, at the option of either party might be settled by paying or receiving a margin or profit on such contract."

The contract above set out shows upon its face that it might be settled at the option of either party, by paying the profit or loss, without delivering the cotton. This, we think makes it prima facie an illegal contract, and would cast the burden upon the plaintiff in the court below to prove that there was a bona fide intention that such cotton should be delivered.

Section 8 of said chapter does not leave the issue as to the burden of proof in doubt. It reads as follows:

"Sec. 8. In any prosecution under this act in which it shall be a material issue as to whether or not in the offer to or contract to sell or purchase for future delivery anything mentioned in this act, it was the intention of the defendant that such thing should be delivered and paid for in accordance with the terms of such offer or contract, proof by the state that such contract was for the future delivery of such thing, shall constitute a prima facie case for the state on this issue."

In other words, where the proof shows that the "contract was for the future delivery" of any of the things mentioned in said act, such contract is prima facie a criminal act. The contract herein sued upon shows upon its face that it was for the future delivery of cotton, and is therefore prima facie illegal; and the burden of proving its legality by showing a bona fide intention that such cotton should be delivered was upon the plaintiff. No evidence as to such intention was offered on the trial of this case.

[4] It is true that this is not a criminal prosecution, but that which would show in a criminal prosecution that a contract was in violation of the criminal law will also

show in a civil action that such contract is illegal.

No proof having been offered as to the intention to deliver the cotton mentioned in the contract, the judgment of the court is not sustained by the evidence.

For the reasons stated, the judgment in this case is reversed, and this cause is remanded.

Reversed and remanded.

· On Motion for Rehearing.

Appellant has filed motion herein for rehearing, asking that we reverse and render judgment in this case, instead of remanding the same.

[5] As stated in our opinion herein, the contract sued on is illegal upon its face, and the general demurrer to the same should have been sustained. In that event, however, appellee could have amended his petition, and alleged fraud, accident, or mistake; and we cannot say that he would not have done so, if the general demurrer had been sustained.

Upon another trial of this cause, if the pleadings are the same as they now are, the court should sustain appellant's demurrer to appellee's petition, and if the same is not amended, alleging fraud, accident, or mistake, the case should be dismissed.

Motion overruled.