HONEY v. WILSON BROS. MERCANTILE CO. (No. 5999.)

(Court of Civil Appeals of Texas. Austin. Jan. 22, 1919.)

GAMING ☞49(3)—CONTRACTS—EVIDENCE.

Evidence *held* to show a contract for sale of cotton was a mere gaming transaction or dealing in futures, the parties not contemplating actual delivery.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by the Wilson Bros. Mercantile Company against T. D. Honey. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

John Maxwell and Alva Bryan, both of Waco, for appellant.

Pat M. Neff, of Waco, for appellee.

JENKINS, J. This is a companion case to J. M. Pate v. Wilson Bros. Mercantile Co., 208 S. W. 235, this day decided by this court. The contract is the same as therein set out, except as to the name of the seller and the amount of cotton mentioned.

For the reasons stated in the case referred to, we hold that the contract sued on is illegal, and therefore cannot be made the basis of a suit for damages.

In this case there was evidence introduced as to the intention of the parties to the contract in reference to the delivery of the cotton. Appellant, and two other witnesses who were present at the making of the contract, testified that it was expressly agreed at the time the same was made that no cotton need be delivered; that the agent of plaintiff said that all they wanted was the difference. If cotton went up, they would

pay the difference in the price, and, if it went down, appellant could pay the difference. Said agent denied making this statement. But disregarding this testimony of appellant and his witnesses, we think the testimony of said agent shows that it was his intention that the contract might be settled on the margin of profit or loss. He did not testify that it was his intention that the cotton should be delivered, but that the contract should be settled by payment of the difference in the market value. On cross-examination he said:

"I never did demand the delivery of the cotton. . I wrote Mr. Honey a letter, as I did all others, asking him to come in and settle up his contract."

His testimony further shows that, as he would buy "a batch" of cotton, he would sell the same for future delivery at the time the contracts called for. In other words, he appears to have been in the business of both buying and selling futures.

For the reasons stated, we reverse the judgment of the trial court, and here render judgment for the appellant.

Reversed and rendered.