**GEORGE v. SENTER.**

**No. 14755.**

Court of Civil Appeals of Texas. Fort Worth.

April 5, 1946.

Rehearing Denied May 17, 1946.

---

Monroe Ashworth and G. O. Crisp, both of Kaufman, for appellant.

John D. McComb, of Jacksboro, for appellee.

BROWN, Justice.

Appellee, J. M. Senter, brought suit against appellant, A. D. George, in which he alleged that in the latter part of February, 1945, Winston Pettus and E. D. Burchett owed him certain monies which they had agreed to pay him, and that, after certain deductions, the amount so due plaintiff amounted to $2480.60; and that at such time the defendant owed Pettus and Burchett large sums of money, greatly in excess of the amount due plaintiff by them, which money was due Burchett and Pettus for certain lands that defendant was then purchasing from them; and that before the land deals were fully consummated and closed it was agreed by and between defendant and plaintiff and Pettus and Burchett that the defendant might and should deduct the money due plaintiff by said sellers from the purchase price of the lands and pay such sum due the plaintiff directly to plaintiff; said sum being $2480.60; that the defendant did deduct such sum due plaintiff from the purchase price and then paid the balance to said sellers, in accordance with the said alleged agreement.

He next alleged that in pursuance to such agreement defendant paid him $1250, leaving a balance owing to plaintiff by defendant of $1230.60 which defendant promised to pay within a few days, but not having paid same, after repeated demands by plaintiff the defendant executed and delivered to plaintiff the following instrument in writing:

"Bryson, Texas, March 22, 1945

"To whom it may concern:

"This is to certify that I have collected $1230.60 (twelve hundred thirty dollars and sixty cents). Being a part of commission paid me by Winston Pettus and E. D. Burchett, and I agree to pay this money in the next few days. The above money is to be paid to J. M. Senter.

"Yours truly, Delt George."

On default in payment, after repeated demands, the plaintiff prays for judgment and interest.

■ The many exceptions leveled against the petition are not considered because there is no record before us disclosing that they were timely presented, overruled and exception taken.

■ The petition on which trial was had clearly and succinctly states a cause of action against the defendant.

The defendant's theory of non-liability will be shown in discussing his points.

Tried to a jury, the following findings were made:

(1) That it was understood and agreed between Pettus, Burchett, George and Senter that George was to deduct and withhold from the monies due Pettus and Burchett for their lands the commission or fee due Senter and pay same directly to him; (2) that Senter, on or before February 21, 1945, did not authorize George to pay Senter's commission or fee to one Edward D. Hughes.

Issues 3 and 4 were not answered, being conditionally submitted as to an affirmative answer to Issue 2.

At the defendant's request, an issue was submitted to which the jury made the following answer:

That when George paid Senter the sum of $1250, on March 5, 1945, Senter did not accept same in full satisfaction for the services he rendered in the said sale and purchase of the Pettus and Burchett lands.

On the verdict, the trial court rendered judgment for plaintiff in the sum of $1230.-60 with 6% interest from the date of the judgment.

The district court of Jack County, in which this cause was tried, does not have continuous terms, and we find that, by orders duly made, the term of court was extended to December 7, 1945, when a motion for a new trial was pending in the instant suit.

Neither in the judgment nor in any order spread upon the minutes of the trial court do we find where the amended motion for a new trial was ever presented, overruled and exception taken.

We permitted a Supplemental Transcript to be filed which shows that the following appears on the trial court's docket as of date December 7, 1945: "Defendant's motion for new trial is hereby overruled, to which action of the court the defendant in open court excepts and hereby gives notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, Forth Worth, Texas."

■ This "notation" does not appear in the minutes of the court, and not having been carried forward and spread upon the minutes, it became necessary for the defendant to prepare and have entered in the minutes an order nunc pro tunc showing such matters. This he could have done, but did not do and we cannot accept the "notation" on the docket of the trial court as a part of the minutes and record as it affects the defendant's right to show that his motion for a new trial was presented, overruled and exception taken.

The latest pronouncement we find is in Williams v. Land, Tex.Civ.App., 300 S.W. 990, which opinion follows Stark v. Miller, 63 Tex. 164.

■ In view, however, of the express provisions of Rule 353, Texas R.C.P., we hold that the "notation" on the trial court's docket is sufficient evidence of defendant's "notice of appeal."

■ There being no order in the Transcript, taken from the minutes of the trial court showing a presentation of the amended motion for a new trial and the ruling of the court thereupon, we must hold that such motion was overruled as a matter of law on the last day of the extended term, to-wit: on December 7, 1945.

■ The appeal bond was approved by the clerk and filed on January 3, 1946, and within the time provided for in Rule 356, Texas R.C.P.

The first point relating to the action of the trial court in overruling defendant's exceptions to plaintiff's pleadings will not be considered for reasons stated supra.

Point 2 contends that it was error to permit appellee to testify, over appellant's objections, that appellant agreed to pay appellee a $2500 commission for appellee's

services in assisting in the purchase by appellant of the lands belonging to Burchett and Pettus, because "it was shown that the agreement was not reduced to writing and signed by appellant, as required by law."

In the first place, the point does not reflect the facts as disclosed by the record. Senter brought no suit against George for any real estate broker's commission that George contracted to pay Senter for his services in the land deal between the two sellers and George, the purchaser, and Senter testified to no such state of facts.

The theory of Senter's cause of action has been stated clearly supra.

 Appellant advances the theory that Senter is here suing appellant for a real estate broker's fee, when Senter had no license to act as such broker and had no written contract for such fee; but this is a suit in which appellant cannot be heard to say that he is concerned with the validity or invalidity of the contract made by Pettus and Burchett with Senter, whereby these persons agreed to pay Senter the sum of money involved.

Pettus and Burchett testified that they owed Senter the money that George deducted from the purchase price of the lands bought from them by George, and the proof disclosed that George agreed to pay the money to Senter.

Furthermore, within a few days, George paid Senter $1250 and after much persuasion George executed the written instrument (which we quoted in full supra) on which Senter's suit is bottomed.

Senter does not need more than George's written promise to pay in order to establish his right of recovery.

Such cases as Floyd v. Patterson, 72 Tex. 202, 10 S.W. 526, 13 Am.St.Rep. 787; Russell v. Kidd, 84 S.W. 273; Hartford Fire Ins. Co. v. Galveston, H. & S. A. R. Co., Tex.Com.App., 239 S.W. 919; and Hall v. Edwards, Tex.Com.App., 222 S.W. 167, support our views.

The case of Crutchfield v. Rambo, 38 Tex.Civ.App. 579, 86 S.W. 950, relied upon by appellant, is no authority to sustain any defense urged by appellant.

It follows that the third point, contending that Senter's cause of action is bottomed on an illegal contract, is without merit.

The fourth point asserts that the trial court erred in overruling appellant's amended motion for a new trial "for the reasons assigned in paragraphs 1, 2 and 3 above" (meaning thereby points 1, 2 and 3 as presented).

Finding no merit in any point presented, the judgment is affirmed.