H. L. MURRY, Appellant,

v.

O. R. CAMPBELL, Appellee.

No. 6980.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 19, 1960.

given by Murry to Campbell. Appeal is brought forward upon four alleged points, the first two of which assert error of the court in refusing his motion for instructed verdict and judgment non obstante veredicto because the checks for which the note sued upon were given were executed by Murry in a "crap game".

Appellee and two other witnesses, all participants in the game of chance, testified that appellant gave a number of checks to different individuals playing in the game, that those individuals gave him cash for the checks, and that at least part of the cash he received from the checks was then played in the game. Appellee testified he did not cash any of Murry's checks and that he, appellee, was a loser in the game. All witnesses except appellant testified the checks were not put into the game at any time and played as such. Only appellant testified they were.

Appellee testified:

"Q. In that game, did you get any checks on Mr. Murry? A. I did not.

"Q. Do you know as to whether or not the checks that were given were in the game or were given for cash by Mr. Holmes and Mr. Ward? A. Mr. Ward—I know Mr. Ward, or Mr. Holmes, possibly both of them, cashed some of his checks.

"Q. And they put the money in the game? A. Yes.

"Q. In other words, the checks themselves were not given as a part of the gambling transaction? A. They were given for cash."

The record shows that the day following the game appellee Campbell sold two of the men who had played in the game, Ward and Holmes, some mineral interests in land located in Rio Blanco County, Colorado and that they paid for such mineral interests partly with checks which had been given by appellant the night before during the game. There is no question from the rec-

Guy S. Hardin, Shamrock, for appellant.

Hill & Adkins, Shamrock, for appellee.

CHAPMAN, Justice.

Based upon a jury verdict the trial court rendered judgment for appellee, O. R. Campbell against appellant, H. L. Murry from a suit filed upon a promissory note

ord before us that the mineral transactions were made, the instrument having been executed in Red Lister's place of business. He was the Lincoln and Mercury dealer in Shamrock and had been one of the participants in the game and a witness in the trial. The record shows that they had discussed during the night the mineral interests appellee had in Colorado that were for sale.

Appellee testified that after Ward and Holmes had bought the minerals and had tendered as part consideration for them some checks they had cashed on appellant the night before that he asked appellant if they were good. The record shows:

"Q. * * * What was said in the presence of Mr. Murry as to the checks that he had that totaled the $950? A. When they handed them to me, I said, 'Mr. Murry, are the checks good?' He said, 'All you have to do is take them to the bank and the money is there.' He said, 'I would like to take those back and give you one check,' which he did.

"Q. He gave you one check? A. Yes, Sir."

When the $950 check was presented, payment was refused for the reason that the account had been closed, and appellant testified he transferred his money to his wife's account. According to appellee, when he found appellant after the check had been turned down, Murry told him he just could not pay him but would give him a note. That note is the instrument now in controversy.

Murry claimed the $950 check was made to appellee the night of the game to take up smaller checks of his Campbell had won in the game. Both of the witnesses, not parties to the suit, testified they did not see such a transaction between Murry and Campbell.

■■ The great weight and preponderance of the evidence, meaning the general

sufficiency of the evidence, is not raised in the case, and the two points under discussion, alleged error of the court in refusing to instruct a verdict and refusing a judgment non obstante veredicto, constitute "no evidence" points, and we believe are without merit. The jury had a right to believe appellee's theory of the case and disbelieve appellant's testimony. In doing so, there was more than sufficient testimony for them to believe that the checks given by appellant were to the individuals in the game for cash. We do not believe the fact that the money was then played in the game would make the checks subject to the defense of being an illegal transaction. Especially do we believe such defense of illegal transaction is not applicable to the note if it was made under the circumstances related by appellee.

■ Our Supreme Court has held that, "the test whether a demand connected with an illegal act can be enforced is whether the plaintiff requires any aid from the illegal transaction to establish his case." Floyd et al. v. Patterson, 72 Tex. 202, 10 S.W. 526, 527. In taking appellee's testimony, which we are required to do in aid of the judgment, the note sued on was given for a check which appellant had given to take up a number of smaller checks made payable to third parties for cash and transferred to appellee as payment on mineral interests purchased by the third parties from appellee. Our Commission of Appeals in Hall v. Edwards, 222 S.W. 167, at page 168, has held:

" 'We understand the rule to be this: The plaintiff cannot recover whenever it is necessary for him to prove, as a part of his cause of action, his own illegal contract, or other illegal transaction; but if he can show a complete cause of action without being obliged to prove his own illegal act, although such illegal act may incidentally appear, and may be important even as explanatory of other facts in the case, he may recover. It is sufficient if his

cause of action is not essentially founded upon something which is illegal. If it is, whatever may be the form of the action, he cannot recover.' "

The cause of action on the note in controversy was certainly proved in this case without the necessity of proving appellee's illegal act of "shooting craps".

The Galveston Court of Civil Appeals has held that a note executed while the maker was engaged in a card game and delivered in return for money which the holder had advanced him as a loan during the course of the gambling game was not based on a gambling debt and was enforcible. Seibert v. Sally, 238 S.W.2d 266.

It is admitted by appellant in his brief that the jury found in Special Issue No. I that the note was based upon consideration. The term "consideration" as used in the charge was defined as "something given in exchange which is the inducement to the contract and which is lawful and competent in value". If the inducement to the note was lawful and competent in value, it would preclude any aid from an illegal transaction, to-wit: the "crap" game. Therefore, the answer to Special Issues II and III were unnecessary.

Appellant's verbatim statement in what he designates his third point says:

"Third Point"

"The evidence as to the third point and the argument thereof being the same as that under the first and second points."

This statement does not constitute a point, and we cannot give it any treatment in this opinion because we do not know what point of error appellant has attempted to assign thereby.

The two other issues submitted, not being necessary and vital to a proper judgment in view of the jury's answer to Issue I and the definitions given, it was not error for the court to render the judgment for appellee upon such jury verdict, even though Issues II and III were not answered. We, there-fore, hold that the trial court correctly rendered a judgment based upon the jury's answer to Special Issue No. I taken in connection with the definitions given even though the jury did not answer the second and third questions submitted.

The judgment of the trial court is in all things affirmed.