**R.D. RYNO, Jr., Appellant,**

v.

**Lee TYRA and Kathy Tyra, Appellees.**

**No. 2–87–171–CV.**

Court of Appeals of Texas,
Fort Worth.

April 28, 1988.

Rehearing Denied July 14, 1988.

Miteff & Finney, and Meto Miteff, Fort Worth, for appellant.

Cue Lipscomb, W. Bernard Whitney, Fort Worth, for appellees.

Before HILL, FARRIS and KELTNER, JJ.

## OPINION

FARRIS, Justice.

This is a conversion case. Appellees sued appellant for the conversion of an automobile worth $125,000 which appellees won from appellant on the flip of a coin. The trial court entered judgment for appellees based upon jury findings of damages of $135,000, including $10,000 in exemplary damages. Ryno complains that the trial court erred in granting the appellees judgment because, at the time of the alleged conversion, Ryno owned the automobile and the judgment enforces a gambling contract.

We affirm the judgment of the trial court because the evidence is sufficient to prove that the Tyras owned the automobile at the time of its conversion and the Tyras' cause of action does not require enforcement of a gambling contract. In affirming the judgment of the trial court, we also overrule Ryno's points of error complaining of the sufficiency of evidence of the amount of damages and of the awarded exemplary damages.

Lee Tyra and Ryno testified, agreeing on most of the facts material to the points on appeal. At the time of the wager, Ryno owned Bavarian Motors, an automobile dealership in Fort Worth. On March 5, 1981, Tyra discussed with Ryno Tyra's purchase of a 1980 BMW M-1 which Ryno agreed to sell to Tyra for the price of $125,000. Tyra testified that Ryno proposed a double or nothing coin flip. Tyra agreed and won the coin flip whereupon, according to Tyra, Ryno handed Tyra the keys to the car, said, "It's yours," and handed Tyra the "German title" to the BMW. Tyra testified that on several occasions, he took the BMW into Bavarian Motors for repairs and servicing, and upon each occasion, it was returned to him, and Ryno never asked for a return of the BMW or payment for it. Ryno provided the Tyras with paper dealer's tags for use on the BMW because it could not be licensed for street use.

The German title was introduced into evidence but no translation was offered. However, a Texas Highway Department employee identified the German title as the only document accepted by his agency in issuing a Texas certificate of title. Ryno denied that the document he gave Tyra was a German title, and Tyra never obtained a Texas certificate of title to the BMW.

Ryno admitted that he proposed the coin flip; however, he testified that it was in jest and the parties to the bet each knew that they were in jest from the other's facial expressions. Ryno sold Bavarian Motors, and after the sale of the dealership, its representatives requested that Tyra loan the BMW for display at an auto show. After the show, the BMW was returned to Bavarian Motors' premises where it was taken by Ryno. An employee of Bavarian Motors called Tyra and told him the BMW had been stolen. Ryno admitted taking the car from Bavarian Motors without permission on February 8 or 9, 1982 and later selling it to a third party.

In addition to contending that the gamble was a jest, Ryno attempted by his testimony to tie the delivery of the BMW to Tyra as part of the consideration in a Canadian oil deal in which both he and the appellees were involved.

The jury's answers to the issues submitted to it included findings: that Ryno intended to transfer to Tyra all of Ryno's ownership interest in the BMW at the time he delivered the documents, keys and possession of the BMW to Tyra; that the appellees' damages for the conversion were $125,000; that Ryno had acted with a malicious and conscious disregard for the rights of the appellees; and that appellees be awarded $10,000 in exemplary damages.

In his third point of error, Ryno claims that the trial court's judgment is erroneous because the evidence shows him to be the owner of the BMW, precluding him from converting it from another. Ryno's points of error one, two, four, five, and six are various complaints that the trial court's judgment is erroneous because it enforces a gambling contract.

■ We overrule Ryno's third point of error because we find there was sufficient evidence to sustain the jury finding that Ryno intended to transfer to Tyra Ryno's ownership interest in the BMW at the time he delivered the documents, keys, and possession of the automobile to Tyra. *See Floyd v. Patterson,* 72 Tex. 202, 10 S.W. 526 (1888). The elements necessary to establish a gift are delivery, acceptance, and intent. A gift is a transfer of property made voluntarily and gratuitously. *Hilley v. Hilley,* 161 Tex. 569, 342 S.W.2d 565, 569 (1961); *Kiel v. Brinkman,* 668 S.W.2d 926, 929 (Tex.App.—Houston [14th Dist.] 1984, no writ). Delivery and acceptance of the BMW are undisputed. After considering all the evidence with regard to Ryno's intent to deliver possession of the BMW to Tyra, we are not persuaded that the evidence in support of a jury finding is so weak or the evidence to the contrary so overwhelming that the finding should be set aside and a new trial ordered. *See Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex. 1965).

■ We agree with appellant that his wager with Tyra was unenforceable. *See Castilleja v. Camero,* 414 S.W.2d 424, 427 (Tex.1967). The trial court could not have compelled Ryno to honor his wager by delivering the BMW to appellees. However, Ryno did deliver the BMW to appellees and the facts incident to that delivery are sufficient to establish a transfer by gift of the BMW from Ryno to the Tyras.

We overrule Ryno's first, second, fourth, fifth, and sixth points of error because the jury finding of Ryno's intent to transfer ownership relieved the Tyras of relying upon a gambling contract as a basis of their cause of action for conversion. The Tyras are seeking not the enforcement of a gambling contract, but rather damages for conversion of property determined by the jury to be that of appellees.

■ Ryno's seventh point of error complains that there was no finding of the value of the automobile at the time and place of conversion sufficient to sustain the judgment. In his argument under his seventh point, Ryno contends there was no proof of the automobile's market value. We disagree. The jury found that $125,000 would fairly and reasonably compensate the Tyras for their damages resulting from the conversion of the BMW. On cross-examination, Ryno qualified himself as one who could give an opinion as to the car's fair market value and testified that he thought it was worth $125,000 when he took it from the dealership after the auto show. An employee of Bavarian Motors testified that the automobile's value was $125,000. We find that in the absence of any contest of the automobile's value, it was unnecessary for the trial court to submit an issue on compensatory damages. *Corpus Christi Nat. Bank v. Lowry,* 662 S.W.2d 402 (Tex.App.—Corpus Christi 1983, no writ). Further, the damage issue as submitted was sufficient, particularly in light of Ryno's failure to request any instructions or definitions in connection with the issue. Ryno's seventh point of error is overruled.

We overrule Ryno's eighth point of error which complains about the judgment award of exemplary damages because that point is based solely upon a claim that there is no finding of actual damages, an argument we have rejected in ruling on Ryno's seventh point of error.

The judgment of the trial court is affirmed.