**CITY OF MEMPHIS v. BROWDER.***
(No. 2877.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 12, 1927.

Rehearing Denied Nov. 9, 1927.

**1. Monopolies** ⑤⟶6—**Contract granting water-works owner right to furnish city and citizens water for 25 years at specified rate held void as monopolistic (Const. art. I, § 26).**

Contract whereby city, for a consideration, granted owner of waterworks system the privilege and right to use city streets and alleys for constructing, maintaining, and operating a waterworks plant for supplying water to the city and its citizens for 25 years at fixed rate *held* violative of Const. art. 1, § 26, prohibiting monopolies, and entire contract was thereby rendered void.

**2. Waters and water courses** ⑤⟶203(12)—**Suit to enjoin increase in water rates, based on franchise, did not raise issue of right·to regulate rates independently of franchise.**

Where city's suit to enjoin owner of waterworks system from charging and collecting more than specified rate was based on contract as evidenced by original franchise and amendments thereto, city's right to regulate rates independently of the franchise was not an issue raised by petition and could not be considered.

Appeal from District Court, Hall County; R. L. Templeton, Judge.

Suit by City of Memphis against J. D. Browder. From an order sustaining a demurrer to plaintiff's first amended original petition, plaintiff appeals. Affirmed.

Sam J. Hamilton and Elliott & Moss, all of Memphis, for appellant.

Fires & Williams, of Childress, for appellee.

HALL, C. J. This is an appeal from an order of the district court of Hall county, sustaining a demurrer to the plaintiff City of Memphis' first amended original petition, in which the city sought to enjoin Browder, as the owner of the waterworks system, from charging and collecting $1.50 flat rate from such inhabitants of said city, who used water for· servants' houses, in addition to the same flat rate used by such inhabitants in the principal residences owned by the several users.

The amended petition alleges in substance that Memphis is a city, duly incorporated and existing under chapter 2, title 18, of the Revised Statutes of 1895, and that Browder is the owner of the waterworks system in said city, doing business under the.style and firm name of Memphis Waterworks; that on the 7th day of May, 1907, the city, by and through its duly elected officers, entered into a contract with D. Browder, evidenced by a franchise of that date, by the terms of which it

granted D. Browder, by Ordinance No. 30, the privilege and right to use the streets, alleys, etc., of the city, in erecting, constructing, ·maintaining and operating a waterworks plant, for the purpose of supplying water to the city and its citizens; that in consideration for said Ordinance No. 30, Browder accepted its terms and conditions, a copy of which is made an exhibit to the petition, and thereby agreed and bound himself to furnish water to the city of Memphis and its inhabitants. Section 7, set·out in the petition, fixes the rate for each residence at $1, and authorizes an additional charge for each closet, and private stable for each horse or cow, of 25 cents. It is further alleged that Browder constructed and operated the plant under and by virtue of the franchise, and has furnished water in accordance with the terms fixed by said ordinance, and by section 7 thereof, until on or about the 7th day of September, 1920, upon which date the rates to· be charged were changed by the enactment of Ordinance 156; that prior to the enactment of this ordinance, J. D. Browder became a part owner with D. Browder in the ownership of said waterworks plant; that the recited purpose of said Ordinance 156 was to amend certain sections of the original Ordinance No. 30, and did amend section 7 of said ordinance No. 30, by adding the following:

"A minimum meter rate of $1.50 for the first 1,000 gallons and 50 cents for each additional 1,000 gallons, may be charged all residence and business connections, and that a minimum flat rate of $1.50 per month be charged for each tap in equipping a meter."

That since said amendment the Browders, in accordance with the terms thereof, have been furnishing water to the city of Memphis, and its citizens, until the death of D. Browder; that since his death, his son, J. D. Browder, is now the owner of said waterworks system, and is controlling and operating the same; that notwithstanding said rate regulations, above referred to, which have been acquiesced in and acted upon by the parties as hereinabove shown, the said J. D. Browder on or about the 1st day of June, 1926, and for some time prior thereto, violated such rate regulations by charging and demanding the additional sum of $1.50 from each resident having a servant's house and servants therein, within the yard or curtilage of said residence; that said charge for servant houses was in addition to the $1.50 flat rate theretofore charged for the family residence of the owner of such principal residence or curtilage; that such charge and demand was made without the consent of the occupants of such dwelling houses, and in violation of the rate regulations above referred to, and that Browder is threatening and continues to make threats of cutting off the water supply to each of such residences, occupied by such

families, unless the additional charge of $1.-50 flat rate is paid for each servant house. The petition further alleges that because such damage as may occur by reason of the wrongful cutting off of the water supply would be indefinite and uncertain and impossible of estimation, that plaintiff has no adequate remedy at law.

By a second count in the petition, it is alleged:

That relating to that part of Ordinance 156, numbered as section 3, regulating the rates to be charged by the defendant in furnishing water to the city of Memphis and its citizens, the city council passed Ordinance No. 210 for the purpose of defining the word "residence," as used in said Ordinance 156, section 3 thereof. That said Ordinance No. 210 provides as follows:

"Provided that only one such meter rate or minimum flat rate shall be charged to one residence and business connection, and servant houses on the same premises, and used in connection with such residence, shall be construed as a part of the residence, and no additional meter charge or minimum flat rate charge shall be collectable from any such servant house; that all provisions contrary hereto be and the same are hereby repealed."

That notwithstanding such amendments to such original franchise, the defendant is still demanding such additional charge of $1.50 for each servant house, whether the said servant house be connected with the defendant's mains or not, and even though the water used by such servant house is measured through the meter and paid by the master occupying the principal residence or dwelling on said premises.

The prayer is that a writ of injunction issue, restraining the defendant from demanding and receiving such additional and illegal charges and from the collection thereof, and the enforcement of same, and from cutting off the water supply of any such residence or dwelling house, by reason of the failure of such resident to pay such additional and illegal charges, and that said injunction upon final hearing be made perpetual, and for such other and further relief, both general and special, in law and equity, that it may show itself entitled to.

The original franchise, made an exhibit to the petition, contains section 4, which is, in part, as follows:

"During the life of this franchise, the grantee shall furnish to said city all necessary water for its corporate purposes, and the city hereby contracts for fire plugs, not to exceed 12 in number, to be placed and maintained at such points as may be designated by the street and alley committee of said city, of at least 2½ inches in diameter, said plugs to be installed within ten months from the date when this ordinance shall take effect. The counsel of the grantor shall within 30 days from this date furnish to the grantee a plat showing the location of the desired fire plugs.' The said city further agrees with the grantee that it will pay to the said grantee a sum not to exceed $25 per annum for the use of each of said fire plugs, and should said city demand additional fire plugs to be placed, it shall pay to said grantee not to exceed the sum of $25 per annum for each additional plug required."

The petition alleges that the city of Memphis has more than 2,000 inhabitants.

The defendant demurred generally to the petition.

[1] The principal contention urged upon this appeal, and which was raised and sustained by the trial court, is that because the petition alleges the contract made May 7, 1907, between the parties for a fixed period of 25 years, by the terms of which Browder became obligated, for a consideration, to furnish water to said city during said term of years, at a fixed rate for both the city and the inhabitants thereof, and because it is shown that on September 7, 1920, another ordinance, amendatory of the original, was passed, fixing a rate for a definite time and consideration, that the petition is insufficient, showing a contract contrary to and violative of the provisions of the Constitution of Texas, which prohibit the grant by municipalities of exclusive franchises which create a monopoly. This proposition must be sustained. The doctrine it announces is so well established in this state a further discussion is unnecessary. City of Brenham v. Brenham Waterworks, 67 Tex. 542, 4 S. W. 143; Ennis Waterworks v. City of Ennis, 105 Tex. 63, 144 S. W. 930; Id. (Tex. Civ. App.) 136 S. W. 513; Altgelt v. City of San Antonio, 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 383; City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960.

The fact that one paragraph in a franchise of this character violates that part of article I, § 26, of the state Constitution, prohibiting the creation of a monopoly, has the effect of rendering the entire contract void, because it cannot be said how much of the obligation is based upon the illegal consideration. Hartford Fire Ins. Co. v. City of Houston (Tex. Civ. App.) 110 S. W. 977; Edwards County v. Jennings, 89 Tex. 621, 35 S. W. 1053.

Ordinances 156 and 210 are simply amendatory of original Ordinance No. 30, and cannot be construed as an effort on the part of the city to fix rates under R. S. 1925, art. 1119, if indeed this could be done—a point which we do not decide.

[2] Besides, the city's suit is based upon the contract as evidence by the original franchise and the two amendments, and therefore the right of the city of Memphis to regulate the rates independently of the franchise is not an issue raised by the petition, and cannot, therefore, be considered. Bevers et al. v. Hughes et al. (Tex. Civ. App.) 195 S. W. 651.

We find no reversible error, and the judgment is therefore affirmed.