## CITY OF MEMPHIS v. BROWDER.
### (No. 934—5035.)

Commission of Appeals of Texas, Section B.
Jan. 2, 1929.

Sam J. Hamilton, City Atty., and Elliott & Moss, all of Memphis, for plaintiff in error.

Fires & Williams, of Childress, for defendant in error.

LEDDY, J. The city of Memphis filed its petition in the district court of Hall county seeking to enjoin J. D. Browder, operating the Memphis City Waterworks in said city, from demanding and collecting rates from citizens of Memphis in excess of the amount fixed therefor by regulations on the part of the city council of said city. The city pleaded that a franchise was granted by it to the waterworks company in 1907; a copy of same being attached to, and made a part of, its petition. Section 4 of the franchise reads as follows:

"During the life of this franchise the grantee shall furnish to said City all necessary water for its corporate purposes and the City hereby contracts for fire plugs not to exceed twelve in number to be placed and maintained at such points as may be designated by the street and alley committee of the said City, of at least two and one-half inches in diameter, said plugs to be installed within ten months from the date when this ordinance shall take effect, the council of the grantor shall within thirty days from this date furnish to the grantee a plat showing the location of the desired fire plugs. The said City further agrees with the grantee that it will pay to the said grantee a sum not to exceed twenty-five dollars per annum for the use of each of said fire plugs, and should said City demand additional fire plugs to be placed it shall pay to said grantee not to exceed the sum of twenty-five dollars per annum, for each additional plug required. And it is further agreed that should the said grantee fail or refuse to furnish water for the use of said City then and in that event the said City shall not be liable for the sum of money hereinbefore mentioned to be paid for said fire plugs and should said grantee fail or refuse to so erect said water system within a reasonable time, after the granting of this franchise, or not have begun in good faith said erection within a reasonable time, then this franchise shall be null and void, otherwise to remain in full force and effect."

The trial court sustained a general demurrer to the petition, and its action was affirmed

by the Court of Civil Appeals [4 S.W.(2d) 614], the basis for the holding of said court being that the above provision of the franchise pleaded disclosed a contract contrary to, and violative of, the provision of the Constitution of Texas prohibiting the creation of a monopoly.

It will be observed that the city does not expressly agree to take the water required to be furnished by the company during the life of the franchise, and, while it obligates itself to pay $25 per annum "for the use" of each of certain fire plugs, it does not expressly agree to use such plugs for any specific length of time. It is only by implication that a contract exists upon the part of the city either to take the water or use the fire plugs which the water company was required to furnish.

If the city could enter into a valid agreement of an exclusive nature, then a contract upon its part to accept the things the water company agreed to furnish might be implied. To imply such an obligation upon the part of the city would render the grant void, and destroy the subject-matter of the contract. Under these circumstances, no such implication should be indulged, unless it is compelled by the plain language of the grant.

This construction is permissible under the rule applicable to the construction of statutes, which has been held in a sense applicable to contracts, that is, if a statute is capable of two interpretations, one of which places it in opposition to, and the other in consonance with, the Constitution, the latter should prevail (Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S. W. 930; State v. G., H. & S. A. Ry. Co., 100 Tex. 153, 97 S. W. 71; Texas Central R. R. Co. v. Marrs, 100 Tex. 530, 101 S. W. 1177; Morgan & Bros. v. M., K. & T. Ry. Co. of Texas, 50 Tex. Civ. App. 420, 110 S. W. 985), and also under another rule by which grants of public privileges by municipalities to individuals must be strictly construed in favor of the public as against the individual, and that an exclusive grant will not be implied, unless given by express terms or by the clearest implication (Stein v. Bienville Water Supply Co., 141 U. S. 67, 11 S. Ct. 892, 35 L. Ed. 622; City of Vicksburg v. Vicksburg Water Co., 202 U. S. 453, 26 S. Ct. 660, 50 L. Ed. 1102, 6 Ann. Cas. 253).

In view of these rules of construction, we do not feel warranted in holding that the language used in section 4 shows by clear implication an exclusive grant creating a monopoly contrary to the provisions of our Constitution. The language is susceptible of the construction that the city of Memphis obligated the water company to furnish such water as the city might use for its corporate purposes, to the end that the city might avail itself of the privilege of using this water if and when it desired to do so, and that it would pay for hydrants for such length of time as it might use them.

The contract made by the parties must be construed in the light of the presumption that all parties thereto knew that the city could not legally obligate itself either to use the water furnished by the water company or to pay for the fire plugs during the life of the franchise. If we assume the parties to this agreement desired to avoid the making of a contract of an exclusive nature which would constitute a monopoly, and at the same time give the city the privilege of obtaining from the water company water for corporate purposes as needed and the use of fire plugs as it desired to avail itself of that privilege, they could hardly have used language more appropriate to carry into effect such purpose. It is significant that, while the waterworks company was expressly required to furnish water necessary for the city's corporate purposes during the life of the franchise, the city failed to bind itself to take the water during said period.

It is vigorously insisted that the decisions of our Supreme Court in the cases of City of Brenham v. Brenham Water Works, 67 Tex. 542, 4 S. W. 143, and Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S. W. 930, are decisive of the proposition that the provision in question creates a monopoly and renders the franchise void. We are unable to agree with this insistence, believing that each of these cases is clearly distinguishable from the case before us.

In the case of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19 S. Ct. 77, 43 L. Ed. 341, the terms of the franchise more clearly indicated an exclusive grant than does the provision in this case. The Supreme Court of the United States, however, seems to have had no difficulty in differentiating that case from that of City of Brenham v. Brenham Water Works Co., supra, declaring that:

"The decision seems to have been rested largely upon the use of the words 'privilege' and 'supplying'—words which are not found in the contract in this case."

That court, in further discussing the City of Brenham Case, used this language:

"Without expressing an opinion upon the point involved in that case, we are content to say that an ordinance granting a right to a water company for twenty-five years to lay and maintain water pipes for the purpose of furnishing the inhabitants of a city with water, does not, in our opinion create a monopoly or prevent the granting of a similar franchise to another company."

The franchise in this case does not attempt to grant the water company "the right and privilege of supplying" water to the city or its inhabitants. It merely grants the company permission to lay its pipes and mains upon the streets and alleys in said city for the purpose of furnishing water to the inhabitants thereof. That such part of the franchise does not create a monopoly was distinctly held by our Supreme Court in Ennis

Water Works v. City of Ennis, before cited, in which Justice Dibrell, speaking for the court, stated:

"The contract with Morrison giving him the right to lay his water mains and pipes in the streets of the city of Ennis was valid, as such right was not in any sense exclusive. There is nothing in this grant to prevent the city from making a similar grant to any other citizen who might apply for such right. The contract, however, does not stop with the grant of franchise to use the streets and alleys for laying mains and pipes for the purpose of conducting water to be furnished the city of Ennis and its inhabitants. It goes further, and, in addition to the grant of franchise, grants the right and privilege to Morrison, his heirs and assigns, for the term of 30 years 'to supply the city of Ennis and the inhabitants thereof with water for domestic and other uses and for preventing and extinguishing fires.' The additional grant and the right and privilege to supply the city and its inhabitants with water, taken in connection with the specific language used, imports necessarily the idea of exclusiveness."

The franchise involved in the Walla Walla Case cited above contained the following provisions:

"The city of Walla Walla shall pay to said Walla Walla Water Company for the matters and things above enumerated, quarter-yearly, on the first days of July, October, January and April of each year, at the rate of $1500 per annum, for the period of 25 years from and after the date of the passage of this ordinance, the first quarterly payment to be made on the first day of October next (October 1, 1887).

"The city of Walla Walla shall during said period, without expense for water, be allowed to flush any sewer or sewers it may hereafter construct, at such time during the day or night as the water company may determine, and under the direction and supervision of such officers as the city may from time to time designate, not oftener than once each week."

After making these provisions for the use of water, the franchise made a requirement of the water company similar to the one in the franchise in controversy. It was provided:

"For all the purposes above enumerated said Walla Walla Water Company shall furnish an ample supply of water, and for domestic purposes, including sprinkling lawns, shall furnish an ample supply of good wholesome water, at reasonable rates, to consumers at all times during the said period of 25 years."

It was determined by the court that the provisions quoted, which appear to be much stronger than the provisions of the franchise in controversy, did not create a monopoly. The court, in disposing of a similar contention to that made in this case, stated:

"As the contract in question was expressly limited to 25 years, and as no attempt was made to grant an exclusive privilege to the water company, the city seems to have acted within the strictest limitation of the charter."

We think, under a fair interpretation of the language in section 4 of the franchise, if the city had failed to take the water or use the fire plugs required to be furnished by defendant in error, it could not have properly insisted that any obligation made by the city had been violated.

As the action of the Court of Civil Appeals in affirming the judgment of the trial court, sustaining the demurrer to plaintiff in error's petition, was based solely upon the invalidity of the franchise, it follows that its judgment must be reversed.

We therefore recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and the cause remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.