CITY OF GARLAND et al., Appellants,

v.

TEXAS POWER & LIGHT CO., Appellee.

No. 15154.

Court of Civil Appeals of Texas.

Dallas.

Oct. 26, 1956.

A. J. Thuss, Bowyer, Gray, Thomas, Crozier & Harris, Dallas, and Wyatt Lipscomb, Garland, for appellants.

Burford, Ryburn, Hincks & Ford, Howard Jensen and Joseph M. Stuhl, Dallas, for appellee.

YOUNG, Justice.

The suit was initiated by appellee Texas Power & Light Company, complaining of the City of Garland, its Council Members, City Manager and Officers, alleging ownership of a franchise from the City to operate electric transmission lines; that it desired to make a connection for the purpose of furnishing electricity to the North Texas Municipal Water District located near the intersection of Old Miller Road and Dairy Road; that under relevant City ordinances it had applied for a permit to relocate an existing line along the west side of Dairy Road and extend it a short distance to the named pump station, which permit was by the City denied on December 27, 1955 by Resolution No. 224 on grounds therein stated.

The Power Company further alleged that defendant City was thereby interfering with its attempt to serve its customers under a valid franchise; municipal refusal to grant a permit for the planned extension of electric service being without foundation in law or fact; also pleading a consequent irreparable injury. Substance of the City's defenses to this sworn petition for injunctive relief is reflected in its points on appeal as presently outlined. Upon hearing, the trial court granted the temporary injunction sought, conditioned on bond of $1,000, with ensuing appeal by defendant City.

Appellant asserts error in the court's grant of temporary injunction restraining it from interfering with construction of petitioner's power line along Dairy Road, (1) "for the reason that the Utility Company has no valid contract or franchise from the City of Garland, and the alleged contract under which it based its rights is in law invalid and unenforceable, as it constituted a grant of monopoly and exclusive right, prohibited by the Constitution and Laws of the State of Texas"; (2) the appellee Utility Company does not come into court with clean hands, but is seeking the aid of a court of equity to compel appellant City to make available to appellee its streets and public places to install transmission lines so that the Utility Company can perform a void contract to furnish electricity to another public corporation; and (3) the trial court's grant of temporary injunction restraining defendant City from interfering with the placing of plaintiff's transmission lines in the streets and public places of Garland was error "because the record discloses a gross abuse of discretion." Invoked in this connection is Art. 1, § 17, State Constitution, Vernon's Ann. St., reading in part that "no irrevocable or uncontrollable grant of special privileges or immunities, shall be made"; and Art. 1, § 26, that "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed * * *."

Appellee calls attention to further facts and circumstances relative to this controversy which have support in the record: Function of the North Texas Municipal Water District is to obtain and distribute water to Dallas, McKinney, Princeton,

Farmersville, Wylie, Garland, Plano, Mesquite, Forney, Royce City, and Rockwall. In latter part of 1955, the District Board of Directors had considered the letting of contracts for electric power to supply six of their pumping stations, one of which was in the City of Garland. Appellant City, having its own municipally-owned system, had also sought a contract with the District for supply of electricity to the pumping station within its boundaries; the District Directors, however, in December 1955, by vote of ten to two, authorizing the execution of such a contract with appellee.

Then it was that appellee applied to defendant City for a permit; its Council delaying action on the application for discussion of the matter with the District; on January 10, 1956, by Resolution denying the application; appellee promptly filing the instant suit. The District Court on February 6 granted the relief sought, its judgment reciting: " * * * that the plaintiff has a valid and subsisting franchise in the City of Garland, that the refusal of the defendants to grant plaintiff a permit to construct its electric power line to the pump station of the North Texas Municipal Water District is without basis or foundation in law or in fact, and that the continued refusal of defendants to grant said permit until final hearing hereof would irreparably damage plaintiff, the North Texas Municipal Water District and its customers * * *." As already mentioned, appellee has a franchise to distribute and sell electric power in the City of Garland; the latter acting purely in a proprietary capacity, having its own municipally-owned system.[1]

The franchise under attack was granted to appellee on August 2, 1915, extending to August 1, 1965, section 1 thereof providing:

"That there is hereby granted to Texas Power and Light Company, its successors and assigns, (herein called the Grantee) the right, privilege and franchise until Aug. 1st, A.D. 1965 to construct, maintain and operate in the present and future streets, alleys and public places of the City of Garland, and its successors, electric light and power lines with all the necessary or desirable appurtenances, (including underground conduits, poles, towers, wires, transmission lines and telegraph and telephone wires for its own use), for the purpose of supplying electricity to the said city, the inhabitants thereof and persons and corporations beyond the limits thereof, for light, heat, power and other purposes." Section 2 of the instrument provided that "The location of all poles and towers or conduits shall be fixed under the supervision of the street and alley committee of the City Council * * *." Article 1175, V.A.C.S. §§ 12 and 30, gives additional regulatory powers to appellant, a Home Rule City, over use of streets, etc., by electric light companies.

It is hardly necessary to observe that rights and privileges contained in a franchise such as the above, if not exclusive in character, either expressly or by clear implication, constitute no infringement of our State Constitution. Also these further rules of decision are well settled: (1) That grant of franchise to a public utility for use of municipal streets and alleys derives from the City's exclusive control of its public ways; (2) that the wisdom and reasonableness of the grant and length of time during which it should continue are addressed solely to the good judgment of the City Council so long as they do not "abandon or transfer their ordinary control over the streets of a legislative character, so

---

[1]. In this connection appellee charges the present controversy as resulting from the competitive efforts of rival electric companies to serve the Water District; and appellant, when its services were rejected, then attempting to exercise its governmental authority to deny appellee a permit, thus gaining the new business for itself. Sam Morrison, plaintiff's General Manager, testified that the City of Garland's municipal plant serves some 6,500 or 7,000 customers, to something more than 1,500 for the Power Company. On ground above mentioned, City Resolution No. 224 was complained of as arbitrary, capricious and void.

as to prevent the proper and legitimate exercise of this authority by their successors in office"; City of Houston v. Houston City St. Ry. Co., 83 Tex. 548, 19 S.W. 127, 129; and (3) where language of the franchise is reasonably susceptible of a valid interpretation, "that construction should be adopted, which places the franchise in harmony with the Constitution. * * * An exclusive grant will not be declared or found unless given by express terms or by clear implication. Ennis case [Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S.W. 930]." City of Baird v. West Texas Utilities Co., Tex. Civ.App., 174 S.W.2d 649, 656; City of Memphis v. Browder, Tex.Com.App., 12 S.W.2d 160.

 Appellant's attack on the franchise in question as a grant of monopoly and exclusive privilege, is based upon two early decisions of our Supreme Court: City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S.W. 143, and Ennis Waterworks v. City of Ennis, 105 Tex. 63, 144 S.W. 930. It is with reference to these holdings that appellee makes the following statement which we adopt: "For the purposes of argument, it may be assumed that those two opinions establish this rule of construction for public utility franchises: Where a franchise purports to grant a public utility the right to occupy streets and alleys for the purpose of distributing and selling the product or service of the utility in question and, independent of and in addition to this grant, also grants the public utility a 'right and privilege' to supply the City and its inhabitants with the product or service of the utility in question a monopoly is created; the reasoning being that this additional grant is not treated as being cumulative, repetitious or surplusage."

In Brenham v. Brenham Water Co. [67 Tex. 542, 4 S.W. 144] the latter's franchise provided: " 'That there is hereby given and granted to Brenham Water Company the right and privilege, for the term of twenty-five years from the date of the adoption of this ordinance, of supplying the city of Brenham, and the inhabitants thereof, with water for domestic or other uses, and for the extinguishment of fires.' " The word "privilege" was there held to import exclusiveness; which, along with sections 5 and 6 of that contract, placed the City under an absolute obligation to pay annual rental on the fire hydrants, whether it used them or not; and from these provisions, concluding that the City, having obligated itself to pay these rentals, could not have been entitled to obtain water elsewhere for its corporate purposes. Manifestly, Brenham v. Water Company is distinguishable from the case at bar on basis of language of the franchise.

Relevant parts of appellee's 1915 contract with the City of Garland were: "The right, privilege and franchise * * * to construct, maintain and operate in the present and future streets, alleys and public places * * * electric light and power lines with all the necessary or desirable appurtenances * * * *for the purpose of supplying electricity to the said City, the inhabitants thereof* * * *.*" (Emphasis ours.) The only right thus granted, in our opinion, was that of using City streets, alleys and public places; the clauses above emphasized merely relating back to and qualifying aforesaid provision relating to appellant's streets, alleys, etc.—a proviso expressly approved in the Ennis Waterworks appeal as *not creating an exclusive privilege*. Material parts of the franchise under construction in the Ennis appeal are sufficiently reflected in the opinion of that Court [105 Tex. 63, 144 S.W. 935]: " * * * If no exclusive right and privilege was intended to be given by the contract, then the section granting the right to the streets and alleys of the city in which to construct and equip a system of waterworks *for the purpose of selling water to the city and its citizens* was complete, and there arose no necessity for the other provision granting 'for the term of thirty years the right and privilege to supply the city of Ennis and the inhabitants

930

thereof with water for domestic and other uses and for the purpose of extinguishing and preventing fires.' * * * The contract with Morrison giving him the right to lay his water mains .and pipes in the streets of the city of Ennis was valid, as such right was not in any sense exclusive. There is nothing in this grant to prevent the city from making a similar grant to any other citizen who might apply for such right. The contract, however, does not stop with the grant of franchise to use' the streets and alleys for laying mains and pipes *for the purpose of conducting water to be furnished the city of Ennis and its inhabitants.* It goes further, and, in addition to the grant of franchise, grants the right and privilege to Morrison, his heirs and assigns, for the term of 30 years 'to supply the city of Ennis and the inhabitants thereof with water for domestic and other uses and for preventing and extinguishing fires.' The additional grant and the right and privilege to supply the city and its inhabitants with water, taken in connection with the specific language used, imports necessarily the idea of exclusiveness." (Emphasis ours.)

As observed by appellee, the similarity of language in the instant franchise and that approved by our Supreme Court as not creating a monopoly, is indeed striking. Sufficiently so as to impel the conclusion that the one drafting the contract in question had before him the Ennis decision and proceeded to conform to that court's conception of a valid franchise.

Furthermore, in City of Memphis v. Browder, Tex.Civ.App., 4 S.W.2d 614, the water company franchise, in part wording, was: "the privilege and right to use the streets, alleys, etc., of the city, in erecting, constructing, maintaining and operating a waterworks plant, for the purpose of supplying water to the city and its citizens." The Commission of Appeals in rejecting the idea of any monopoly involved, made quite clear the principles applicable to a proper interpretation of the concession. To imply that the franchise gave the Water Company an exclusive right to supply the City water, said the court, "would render the grant void, and destroy the subject-matter of the contract." Under these circumstances, "no such implication should be indulged, unless it is compelled by the plain language of the grant." 12 S.W.2d. at page 161. The court then went on to say: "* * * if a statute is capable of two interpretations, one of which places it in opposition to, and the other in consonance with, the Constitution, the latter should prevail." Other decisions reaching the same result (of holding that a franchise containing the same or similar language does not create a monopoly) are Fink v. City of Clarendon, Tex.Civ.App., 282 S.W. 912; City of Walla Walla v. Walla Walla Water Co., 172 U.S. 1, 19 S.Ct. 77, 43 L.Ed. 341.

The further points of error may be disposed of briefly: (1) Appellant contends that the contract between appellee and the *Water District* is also illegal as creating a monopoly; and plaintiff Power Company, not coming into court with clean hands, is therefore not entitled to relief in equity. The Water District is not a party hereto and should be heard in connection with any adverse determination of its property rights. Furthermore, we agree with appellee that defendant City has no standing to complain of invalidity of this contract between the Power Company and such third party. The maxim of "unclean hands" has no application to the misconduct or alleged illegal activities of petitioner, in no wise affecting the equitable relations between the parties and not arising out of the transaction as to which the relief is sought. 17 Tex.Jur., p. 50; 30 C.J.S., Equity, § 98, p. 491. "The general rule is that the defense of illegality is confined to the parties to the contract and is not available to third parties to defeat a just claim against themselves." Hartford Fire Ins. Co. v. Galveston H. & S. A. Ry. Co., Tex.Com. App., 239 S.W. 919, 923. See also American Refining Co. v. Gasoline Products Co., Tex.Civ.App., 294 S.W. 967.

(2) Lastly, appellant complains of the court's issuance of temporary injunction "because the record discloses a gross abuse of discretion." No part of the evidence adduced is brought forward in support of the assertion, appellant relying wholly on alleged invalidity of the franchise and this third party contract already discussed. The City's refusal of appellee's application appears to be principally on the ground that it would constitute a hazard, in that the proposed line would cross over one of appellant's existing lines. In this connection the testimony discloses that prior to this lawsuit appellant's own lines have been constructed over those of the Power Company at 37 different points within a short period of time; also that appellee's extension of line to this pumping station was being made in strict accordance with widely recognized safety practices. Under the circumstances of this record it appears clear that the trial court's ruling and judgment of restraint amounts to no more than a sound exercise of its judicial discretion. The judgment under review is in all things affirmed.