NO. 12-03-00370-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WALTER H. BALLARD,                                   §                 APPEAL FROM THE 258TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

CARRIE DAVIS ALLEN,
APPELLEE                                                        §                 SAN JACINTO COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Walter H. Ballard, an inmate proceeding pro se, appeals the trial court’s order granting
summary judgment in favor of Carrie Davis Allen. Ballard raises two issues on appeal. We affirm.
 
Background
            Allen filed suit seeking to quiet title to land conveyed to her by warranty deed on January 19,
2001, by her ex-husband, James Allen. At the time of the conveyance, James Allen was incarcerated
and owed Allen back child support. Allen subsequently had the deed recorded in the offices of the
San Jacinto County Clerk on June 22, 2001. Unbeknownst to Allen, James Allen had conveyed the
same property to Ballard on December 2, 1999. However, Ballard did not record his deed until
August 20, 2001.
            Allen filed a motion for summary judgment on April 30, 2003. In support of her motion for
summary judgment, Allen attached an affidavit in which she stated as follows:
 
I took title to the property from my ex-husband, JAMES ALLEN for a good and valuable
consideration to-wit: credit towards his child support obligation in the amount of $10,000.00 towards
the over $22,000.00 that he is in arrears on his child support.
 
I had no knowledge of any deed that Walter H. Ballard claims to have had . . . at the time that I got
my deed to the property as a credit against the child support owed to me by James Allen.


The warranty deed transferring the land from James Allen to Allen containing the county clerk’s file
stamp was attached as an exhibit to Allen’s motion as was the file-stamped warranty deed
transferring the subject property from James Allen to Ballard. 
            Ballard filed a response to Allen’s motion contending that the conveyance from James Allen
to Allen was not supported by consideration and, furthermore, was void for illegality as it sought to
reduce James Allen’s child support obligation. Ballard also objected to Allen’s affidavit as “self-serving.” Moreover, Ballard objected to the participation by “any assigned visiting judge” in the case
pursuant to Texas Government Code, section 74.053. 
            Allen’s motion was set to be heard on June 23, 2003. On that date, the Honorable Jim
Keeshan, the assigned visiting judge, noted Ballard’s objection and passed the hearing until July 23,
2003. On July 23, 2003, the Honorable Tom McDonald, also a visiting judge, granted Allen’s
motion for summary judgment. Ballard filed a motion for new trial, which was overruled by
operation of law. This appeal followed.
 
Standard of Review
            In reviewing a traditional motion for summary judgment, this court must apply the standards
established in Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548–49 (Tex. 1985),
which are as follows:
 
              1.           The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
 
              2.           In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true;
 
              3.           Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.


See id.; May v. Nacogdoches Mem’l Hosp., 61 S.W.3d 623, 628 (Tex. App.–Tyler 2001, no pet.). 
For a party to prevail on a motion for summary judgment, he must conclusively establish the absence
of any genuine question of material fact and that he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). A movant must either negate at least one essential element of the nonmovant's
cause of action or prove all essential elements of an affirmative defense. See Randall's Food
Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also MMP, Ltd. v. Jones, 710
S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts about the
existence of a genuine issue of a material fact are resolved against the movant, we must view the
evidence and its reasonable inferences in the light most favorable to the nonmovant. See Great Am. 
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We are
not required to ascertain the credibility of affiants or to determine the weight of evidence in the
affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn, 252
S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is
presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). All theories in support of or in opposition to a motion for summary
judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).
 
Suit to Quiet Title
            In his first issue, Ballard argues that the trial court erred in granting summary judgment. 
Specifically, Ballard argues that (1) the warranty deed was secured without consideration, (2) the
warranty deed was secured pursuant to an agreement to reduce child support, which is prohibited by
law, (3) Allen’s self-serving affidavit was insufficient to support summary judgment, and (4) there
is a fact issue as to whether Allen had constructive notice of the prior conveyance of the subject
property to Ballard.
            A trespass to try title action is the exclusive remedy by which to resolve competing claims
to property. See Tex. Prop. Code Ann. § 22.001 (Vernon 2000); Ely v. Briley, 959 S.W.2d 723,
727 (Tex. App.–Austin 1998, no pet.). Any suit that involves a dispute over title to land is, in effect,
an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief
is sought. Jordan v. Exxon Corp., 802 S.W.2d 880, 883 (Tex. App.–Texarkana 1991, no pet.).
            The principal issue in a suit to quiet title is the existence of a cloud that equity will remove. 
See Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App.–Waco 1980, writ ref’d n.r.e.). The action lies
to enable the holder of the feeblest equity to remove any unlawful hindrance having the appearance
of a superior right that lies as an obstacle to his legal right to the property. See id. (citing Thompson
v. Locke, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). In other words, the plaintiff’s purpose is to
have the defendant’s claims judicially declared to be unfounded. See Temple Trust Co. v. Logan,
82 S.W.2d 1017, 1019 (Tex. Civ. App.–Amarillo 1935, no writ). In a suit to quiet title, the plaintiff
must show ownership of the disputed property, see Aransas Properties, Inc. v. Brashear, 410
S.W.2d 934, 941 (Tex. Civ. App.–Corpus Christi 1967, writ ref’d n.r.e.), and that the alleged
adverse claim is a cloud on the title that equity will remove. See Walker v. Haley, 236 S.W. 544,
545 (Tex. Civ. App.–Texarkana 1921, no writ).
            A conveyance of real property is void as to a subsequent purchaser for valuable consideration
without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record
as required by law. See Tex. Prop. Code Ann. § 13.001(a) (Vernon 2004). Conversely, the
unrecorded instrument is binding on a subsequent purchaser who does not pay a valuable
consideration or who has notice of the instrument. See Tex. Prop. Code Ann. § 13.001(b) (Vernon
2004).
Consideration
            Ballard first argues that the conveyance of property to Allen was not supported by
consideration. Consideration is a bargained-for exchange of promises and consists of either a benefit
to the promisor or a loss or detriment to the promisee. Roark v. Stallworth Oil & Gas, Inc., 813
S.W.2d 492, 496 (Tex. 1991); Turner-Bass Assoc. v. Williamson, 932 S.W.2d 219, 222 (Tex.
App.–Tyler 1996, writ denied). The detriment must induce the making of the promise, and the
promise must induce the incurring of the detriment. Roark, 813 S.W.2d at 496. For example,
paying money or surrendering a legal right represents valid consideration. Northern Nat. Gas Co.
v. Conoco, Inc., 986 S.W.2d 603, 607 (Tex. 1998).
            Furthermore, the consideration must be sufficient. Gulf Liquid Fertilizer Co. v. Titus, 354
S.W.2d 378, 385 (Tex. 1962); see, e.g., Leonard v. Texaco, Inc., 422 S.W.2d 160, 165 (Tex. 1967)
(forbearance from bringing suit in return for promise to pay for damage to land was adequate
consideration). Consideration is presumed to be adequate if it is expressly stated in the contract. 
Tag Resources, Inc. v. Petroleum Well Servs., Inc., 791 S.W.2d 600, 605 (Tex. App.–Beaumont
1990, no writ). Moreover, failure of consideration is an affirmative defense that must be pleaded and
verified. See Tex. R. Civ. P. 93, 94.
            In the case at hand, Ballard did not plead lack of consideration as an affirmative defense
pursuant to Rule 94, nor did he plead it in his cross-petition to quiet title, both of which were
supported by Ballard’s unsworn declaration pursuant to Texas Civil Practice and Remedies Code,
section 132.001–.003. In Keck, Mahin & Cate v. National Union Fire Ins. Co., 20 S.W.3d 692,
699 (Tex. 2000), the supreme court held that even absent affirmative pleading pursuant to Rule 94,
a party does not waive an issue on appeal so long as it raised the issue in response to a motion for
summary judgment. However, raising the affirmative defense of failure of consideration in response
to Allen’s motion for summary judgment does not relieve Ballard of the duty to file a verified
pleading contesting consideration pursuant to Rule 93. See Nootsie, Ltd. v. Williamson Cty. Appr.
Dist., 925 S.W.2d 659, 662 (Tex. 1996). In Nootsie, the supreme court held that Rule 93 requires
a party to file a verified pleading in certain enumerated circumstances, and if the party fails to follow
Rule 93’s mandate, it waives any right to complain about the matter on appeal. Id. 
            In the case at hand, Ballard filed no verified pleadings or pleadings in accordance with Civil
Practices and Remedies Code, section 132.001, in which he alleged a failure of consideration in the
conveyance from James Allen to Allen. Therefore, he has waived such an issue on appeal. See Tex.
R. Civ. P. 93; Nootsie, 925 S.W.2d at 662.
Notice
            Ballard further argues that there exists a fact issue as to whether or not Allen had notice of 
James Allen’s prior conveyance to Ballard. Notice is either actual or constructive. Wethered v.
Boon, 17 Tex. 143, 149 (Tex. 1856). Actual notice exists where the party to be affected by it is
proved to have had actual knowledge of the fact at issue. See id. The general doctrine is that
constructive notice exists whatever circumstance puts a party upon an inquiry amounts, in judgment
of the law, to notice, provided the inquiry becomes a duty and would lead to the knowledge of the
requisite fact, by the exercise of ordinary diligence and understanding. Id. at 149-50; Wessels v. Rio
Bravo Oil Co., 250 S.W.2d 668, 670 (Tex. Civ. App.–Eastland 1952, writ ref’d). In a great variety
of cases, it must be a matter of doubt and difficulty to devise what circumstances are sufficient to
put a party upon inquiry; and each case must depend upon its own circumstances. Boon, 17 Tex.
at 150. But it is clearly settled that vague and indeterminate rumor or suspicion is too loose and
inconvenient in practice to comprise constructive notice. Id.
            Citing Albright v. Bouldin, 394 S.W.2d 681 (Tex. App.–Eastland 1965, writ ref’d n.r.e.) and
other cases, Ballard argues that Allen’s affidavit is “self-serving” and insufficient to support her
motion for summary judgment. In Albright, the court held that the trial court did not err in refusing
to admit a self-serving declaration, in which a party’s testimony had the effect of his gaining an
inheritance in his late spouse’s community property interest. Id. at 685. Texas Rule of Civil
Procedure 166a(c) states, in pertinent part, that “[a] summary judgment may be based on
uncontroverted testimonial evidence of an interested witness . . . if the evidence is clear, positive
and direct, otherwise credible and free from contradictions and inconsistencies, and could have been
readily controverted.” Tex. R. Civ. P. 166a(c). Neither Albright nor any of the other cases cited by
Ballard were decided by summary judgment. Id. at 682.


 Inasmuch as the instant case was decided
by summary judgment, Rule 166a(c) governs. 
            While Ballard has raised the blanket assertion that Allen’s affidavit is self-serving, he has
not argued, either to the trial court or on appeal, that it is unclear, neither positive nor direct, or
incredible, or that it contains inconsistencies or is not capable of being readily controverted. As
such, we hold that the trial court did not err in refusing to sustain Ballard’s objection to Allen’s
affidavit. See Tex. R. Civ. P. 166a(c) (“Issues not expressly presented to the trial court by written
motion, answer or other response shall not be considered on appeal as grounds for reversal.”); see
also Tex. R. App. P. 38.1(h).
            We next consider whether an issue of material fact is presented with regard to Allen’s notice
of the prior conveyance of the subject property from James Allen to Ballard. In her affidavit, Allen
states that she had no knowledge of any deed that Ballard claims to have had at the time the subject
property was conveyed to her by James Allen. In his unsworn declaration filed in conjunction with
his response to Allen’s motion for summary judgment, Ballard states as follows:
 
Prior to, on, and after December 2, 1999, I personally occupied the home located on the property made
the basis of this Quiet Title action as my private residence. I never failed to disclose to anyone upon
inquiry that I had purchased the home and property and held a valid Warranty Deed to the property. 
 
In fact, for the several months after I purchased the subject property made the basis of this Quiet Title
action and prior to the unconscionable and illegal transaction . . . , I lived next door to the plaintiff’s
ex-father-in-law where plaintiff on numerous occasions left her minor children from time to time and
therefore was, if not actually on notice of purchase and ownership of the subject property then at least,
had constructive notice that I had purchased and was the owner of the subject property.
 
None of the statements contained in Ballard’s unsworn declaration contradicts Allen’s summary
judgment evidence that she did not have actual knowledge of the fact that the conveyance of the
property to Ballard had taken place. See Boon, 17 Tex. at 149. Furthermore, despite Ballard’s
assertions in his unsworn declaration that (1) he occupied the dwelling located on the property, (2)
he did not fail to disclose to certain unspecified persons that he owned the property, (3) Allen’s
former father-in-law lived in the dwelling on adjacent property, and (4) Allen on multiple occasions
had left her children with her former father-in-law at the adjacent property, it does not necessarily
follow that Allen would be put on notice that Ballard owned the property adjacent to her father-in-law’s property. The circumstances set forth in Ballard’s unsworn declaration are too vague, loose,
and inconvenient to comprise constructive notice. See id. at 150. Therefore, resolving all doubts
about the existence of a genuine issue of a material fact against Allen and viewing the evidence and
its reasonable inferences in the light most favorable to Ballard, we hold that there did not exist an
issue of material fact with regard to Allen’s assertion that she did not have knowledge of the prior
conveyance of the subject property from James Allen to Ballard.
Illegality
            Ballard next argues that Allen’s statement in her affidavit that she took title to the property
from James Allen for a good and valuable consideration to-wit: credit towards his child support
obligation in the amount of $10,000.00 towards the over $22,000.00 that he is in arrears on his child
support, amounts to a judicial admission that the transaction between Allen and her ex-husband was
illegal, and therefore, void. Ballard’s argument is without merit. As a general rule, the defense of
illegality is confined solely the parties to the contract and is not available to third persons to enable
them to defeat claims that are justly brought against them. See Garland v. Texas Power & Light
Co., 295 S.W.2d 925, 930 (Tex. Civ. App.–Dallas 1956, no writ); see also Roylex, Inc. v. Avco
Community Developers, Inc., 559 S.W.2d 833, 838 (Tex. Civ. App.–Houston [14th Dist.] 1977, no
writ). Therefore, we hold that Ballard has no standing to complain as to the invalidity of a contract
between Allen and James Allen. Ballard’s first issue is overruled.
 
Objection to “All Visiting Judges”
            In his second issue, Ballard argues that the trial judge erred in overruling his objection to
participation in the case by “any assigned visiting judge.” If a party to a civil case files a timely
objection to the assignment of a judge, the judge shall not hear the case. Tex. Gov’t Code Ann.
§ 74.053(b) (Vernon 2005). However, generally, each party to the case is only entitled to one
objection on such grounds. See id. The limits imposed by Section 74.053(b) were designed to give
precedence to court administration and to “restrict attempts at forum shopping that inevitably results
when litigants are given even a small measure of control over determining who will hear their case.” 
In re Hourani, 20 S.W.3d 819, 823 (Tex. App.–Houston [14th Dist.] 2000, no pet.). Thus, a party
who has already objected to a judge assigned to rule on a motion is not entitled to object to the
replacement judge who ultimately rules on the motion. See Tex. Gov’t Code Ann. 74.053(b); see,
e.g., Kaminetzky v. Richardson, No. 01-00-00575-CV, 2003 WL 21470396, at *3 (Tex. 
App.–Houston [1st Dist.] 2003, pet. denied).
            Here, although Ballard made a single objection, his objection pertained to the participation
by any assigned visiting judge in the case. Such a blanket objection is precisely what the restriction
in Rule 74.053(b) was enacted to prevent. See Hourani, 20 S.W.3d at 823. On June 23, 2003, the
Honorable Jim Keeshan, the assigned visiting judge, noted Ballard’s objection and passed the
hearing until July 23, 2003. On July 23, 2003, the Honorable Tom McDonald, also a visiting judge,
granted Allen’s motion for summary judgment. Thus, as Ballard’s objection was properly sustained
as to Judge Keeshan, Ballard was not entitled to object to Judge McDonald’s participation in the
instant case. Ballard’s second issue is overruled.
 
Disposition
            Having overruled Ballard’s issues one and two, we affirm the trial court’s order granting
summary judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered March 23, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


















(PUBLISH)